

ORDERED in the Southern District of Florida on September 10, 2012.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:  Chapter 13

Julio Cesar Ortiz,  Case No.: 12-24913
     Debtor     /

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY NATIONSTAR (LOAN NO. XXXXXXXXXX9996)

THIS CASE came to be heard on September 04, 2012 on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (Docket Entry #11). Based upon the debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property located at: 2501 NW 26 STREET # 1314 MIAMI, FL 33142, and more particularly described as:

**Melrose Townhouse Condo Unit 1314 Bldg 13 Undiv 1/150 Int in Common Elements off rec 16316-1293 COC 26394-0999 05 2008 5**

of the public records of MIAMI-DADE County, Florida is $60,000.00 at the time of the filing of this case.

B.	The total of all claims secured by liens on the Real Property senior to the lien of Nationstar Mortgage is $198,072.00.

C.	The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.	The Motion is **GRANTED.**

2.	Nationstar Mortgage Loan No. xxxxxxxxxxxx9996 has an allowed secured claim in the amount of $00.

3.	Because lender's secured interest in the Real Property is $00, Lender's mortgage recorded on Book 24886 \ 3315 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtors' discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the real Property

4.	(Select only one):

 X  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in

excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

___    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $_____ regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor received a discharge in this chapter 13 case.

# # #

This Order prepared by:
Alejandro Sixto, Esq.
Sixto & Associates, P.A.
234 East 49 Street
Hialeah, FL 33013
Tel. 305-558-0460

*The Law Office of Alejandro Sixto, P.A., (Debtor's attorney) is directed to furnish a complete and correct copy of this order to all interested parties.*